IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/23/2023

LAURA A. AUSTIN, CLERK
BY:   s/ CARMEN AMOS
DEPUTY CLERK

REGINA DAVIS,                                    )
                                                 )
v.                                               )
                                                 )
CITY OF LYNCHBURG,                               )
                                                 )
RYAN ZUIDEMA, CHIEF OF THE                       )
LYNCHBURG POLICE DEPARTMENT,                     )   Case No.:   **6:23CV00014**
     in his official capacity                    )
                                                 )
POLICE OFFICER #1 S.H. GIFFORD                   )
(In official capacity and as individual)         )
                                                 )
POLICE OFFICER #2 M. PUPILLO                     )
(In official capacity and as individual)         )
          *Defendants.*                          )
                                                 )
Serve: Matthew Freedman, City Attorney           )
       900 Church Street                         )
       Lynchburg, Virginia 24504                 )
_____          )

## COMPLAINT

1.   This is an action for deprivation of civil rights under the Civil Rights Act, pursuant to 42
     U.S.C. § 1983, and under Virginia common law for assault and battery, gross negligence,
     injunctive relief and intentional infliction of emotional distress, Plaintiff brings this civil
     rights action to redress the deprivation under color of state law of the rights, privileges
     and immunities secured to her by the Constitution of the United States and the laws of the
     United States and the Commonwealth of Virginia. Plaintiff brings forth claims for
     violation of her right to be free from unreasonable and excessive use of force upon her
     person during arrest and detention in violation of the Fourth and Fourteenth Amendments

1

and related state law claims. Plaintiff brings this action against the Lynchburg City Police Officers responsible for her injuries, against the Lynchburg Chief of Police, in his official capacity as the supervisory officer responsible for the conduct of the Lynchburg City Police Officers and final policymaker for the City of Lynchburg Police Department, and against the City of Lynchburg, which is sued as a person under 42 U.S.C. § 1983, as the entity responsible for the promulgation of a policy or custom regarding the use of excessive force.  The Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.   Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the unconstitutional acts and omissions complained of occurred in the City of Lynchburg of the Western District of Virginia.

## PARTIES

4. Regina Davis is currently an incapacitated individual incarcerated within the Commonwealth of Virginia, residing in the City of Lynchburg.

5. Lynchburg City Government (the "City of Lynchburg") operates from within City Hall at 900 Church Street, Lynchburg, Virginia 24504, and is a municipal corporation existing under the laws of the Commonwealth of Virginia. The City is a chartered subdivision of the Commonwealth of Virginia with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Lynchburg Police Department ("LPD"), its agents and

employees. At all relevant times, the City was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the LCPD and its employees and agents complied with the laws of the United States and of the Commonwealth of Virginia. At all relevant times, the City was the employer of Defendants S.H. Gifford ("Gifford") and M. Pupillo ("Pupillo") (hereinafter collectively referred to as "the individual defendants").

6. Ryan Zuidema, in his official capacity as the Chief of the Lynchburg Police Department, operates from within 905 Court Street, Lynchburg, Virginia 24504 and is a supervisory officer and Commander working for the City, through his employment with the LPD. At all relevant times, defendant Ryan Zuidema was acting under color of law within the course and scope of his duties as a supervisory officer for the LPD. Also at all relevant times, Chief Zuidema was acting with the complete authority and ratification of his principal, the City. At all relevant times, the Chief had supervisory authority.

7. Lynchburg City Police Department operates from within 905 Court Street, Lynchburg, Virginia 24504.

8. Officer Gifford works at Lynchburg City Police Department at 905 Court Street, Lynchburg, Virginia 24504. At all relevant times, Gifford was acting under color of law within the course and scope of his duties as an officer for the Lynchburg City Police Department. Also at all relevant times, Gifford was acting with the complete authority and ratification of his principal, the City.

9. Officer Pupillo works at Lynchburg City Police Department at 905 Court Street, Lynchburg, Virginia 24504. At all relevant times, Pupillo was acting under color of law within the course and scope of his duties as an officer for the Lynchburg City Police

Department. Also at all relevant times, Pupillo was acting with the complete authority and ratification of his principal, the City.

## **FACTUAL BACKGROUND**

10.  The incident giving rise to this Complaint occurred on March 24, 2021, at approximately 6:11 pm, at or around 4119 Audubon Place in the City of Lynchburg, Commonwealth of Virginia.

11. Defendant Gifford responded to a report of a suicidal subject armed with a knife at the aforementioned address.

12. When Gifford responded, Ms. Davis was holding a knife, however officers saw her enter a room and leave the room without the knife.

13.  Ms. Davis made no threatening actions or statements toward the officers.

14.  Before he applied force to Ms. Davis, defendant Gifford knew that Ms. Davis was unarmed, and he also knew Ms. Davis had made no actual physical contact with anyone.

15. Defendant Gifford, acting with rage and malice, forcibly tackled and slammed Ms. Davis to the concrete floor where he repeatedly bashed her head and face into the concrete.

16. Defendant Pupillo had arrived by this time and restrained Ms. Davis' legs, while defendant Gifford continued to slam Ms. Davis' head into the concrete.

17. From Defendant Gifford's egregious acts against Ms. Davis, Ms. Davis suffered a broken eye socket, detached retina, concussion, significant lacerations to the forehead, and broken finger that required medical attention and treatment.

18. The incident was also captured on body-cam footage worn by the Lynchburg City Police Officers who administered the brutal beating against Ms. Davis.

19.  The actions of the defendants taken against Ms. Davis were malicious, sadistic, wanton, culpable, and grossly negligent manner.

20. The actions were undertaken in conscious and deliberate disregard of Ms. Davis's rights, and were also taken with a reckless indifference to the consequences of the defendants' actions, of which they were aware, that the result would cause injury to Ms. Davis.

## COUNT I - USE OF EXCESSIVE FORCE

### VIOLATION OF 42 U.S.C.  §1983 – FOURTH AND FORTEENTH AMENDMENTS

(All Defendants)

21.  Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

22.  Ms. Davis did not have any weapons on her as Gifford watched her enter a sunroom with a knife and exit the sunroom without a knife and she therefore posed no immediate threat to the Defendants or others while she was standing in the kitchen.

23. Ms. Davis was not actively resisting arrest or attempting to evade arrest by flight when the Defendants took her to the ground and beat her head and face into the concrete floor.

24. Upon information and belief, defendants S.H. Gifford and M. Pupillo intentionally and maliciously beat, injured, and harmed Ms. Davis without provocation or reason, resulting in serious injuries, including, but not limited to, a broken eye socket, detached retina, concussion, significant lacerations to the forehead, and broken finger requiring medical attention and treatment.

25. This use of excessive force was deliberate and intentional and was not objectively reasonable under the circumstances. The force was applied maliciously and sadistically for the very purpose of causing harm and inflicting unnecessary and wanton pain and suffering.

26. By using excessive force on Ms. Davis, defendants Gifford and Pupillo deprived Ms. Davis of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of constitutional rights enforceable under 42 U.S.C. § 1983, including, without limitation, liberty and due process rights guaranteed by each of the Fourth and Fourteenth Amendments to the United States Constitution.

27. Defendant Ryan Zuidema, Chief of the Lynchburg Police Department, is responsible in his official capacity for the training, supervision and conduct of the officers employed by his office. He is responsible for providing training regarding the use of appropriate force upon the arrest and detention of individuals, and further is responsible for assuring that the officers employed by his office do not use excessive and unreasonable force in the arrest and detention of individuals. Defendant Ryan Zuidema, Chief of Police, with final policy-making authority for the Lynchburg City Police Department, was responsible in his official capacity for the violation of Plaintiff's Constitutional rights.

28. The City of Lynchburg is responsible for assuring that the Lynchburg City Police Department does not violate the rights of pretrial detainees by using excessive force, and for assuring that individuals employed in the Lynchburg City Police Department are properly trained and supervised regarding the use of excessive force.

29. The City and Lynchburg City Police Department were personally involved in and responsible for the excessive force used against Ms. Davis in that:

    a. They created a policy or custom, and they allowed the continuance of a policy or custom, under which detainees and individuals subject to arrest would be subjected to the use of excessive and unreasonable force; and

b.   They were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein.

30. The following specific examples demonstrate the LPD's unconstitutional customs or practices.

a.   Upon information and belief on March 29, 2001, Craig Morris was sprayed with pepper spray and then struck several times by officers of the Lynchburg Police Department. The officers were allegedly putting Mr. Morris under arrest for using the term "fuck", and Mr. Morris did not resist arrest or use any force against the officers, but nevertheless was beaten by said officers of the Lynchburg Police Department;

b.   Upon information and belief on October 18, 2013, Montavious Wells and Tramane Green were injured by officers of the Lynchburg Police Department when they were tazed and beaten by officers for allegedly "getting smart" when asked to identify what high school they went to. Neither Mr. Wells nor Mr. Green threatened the officers, threatened to flee from the officers, or posed a danger to any officers or the public;

c.   Upon information and belief on January 23, 2016, George Brown was injured when officers of the Lynchburg Police Department ordered the police K9 to attack Mr. Brown, while Mr. Brown was not resisting arrest or presenting any threat to the officers;

d.   On February 4, 2016, officers of the LPD stopped and tackled Tershaud Rose, who had committed no crime, drove his head into the pavement and held him down

while a hospital security guard scarred his back with aTaser, before manufacturing

false charges against Rose as a cover-up.

e.     Upon information and belief on February 11, 2016, Brandon Sandifer was injured

when officers of the Lynchburg Police Department broke his leg during an arrest at

his home for allegedly trespassing;

f.     Upon information and belief on November 28, 2016, Donald Lipford was injured

when officers of the Lynchburg Police Department struck him several times and

ordered the police K9 to attack Mr. Lipford, while he was not resisting arrest or

presenting any threat to the officers;

g.     Upon information and belief on November 5, 2017, Pamela Webber was shot and

killed by officers of the Lynchburg Police Department, when they were called to

her residence on allegations that she was suicidal and had a knife. After barricading

herself in her room Ms. Webber was convinced to come out by officers of the

Lynchburg Police Department, and they shot her alleging that she "advanced" on

the officer with the knife;

h.     Upon information and belief on February 17, 2018, Walker Sigler was shot by

officers of the Lynchburg Police Department, while he was in his home,

committing no crime, not presenting a threat to the officers, was unarmed, and not

attempting to flee the officers;

i.     On July 18, 2018, LPD officers used a police canine against Larry Booker without

justification, thereby causing him injuries.

j.     Upon information and belief on December 12, 2018, Michelle Jefferson was

injured by officers of the Lynchburg Police Department while they were serving a

warrant on her at her home. She was grabbed and assaulted by the officers and charged with assault on law enforcement.

k.     Upon information and belief on December 30, 2018, Malik Andrews was shot by officers of the Lynchburg Police Department after officers saw him with a rifle on his shoulder;

l.     Upon information and belief on March 30, 2019, Thyanna Trent was assaulted and injured by officers of the Lynchburg Police Department, while she was allegedly trespassing while walking toward the exit at the River Ridge Mall in Lynchburg;

m.     Upon information and belief on June 16, 2019, Brian Anderson was injured by officers of the Lynchburg Police Department for allegedly obstructing justice. Mr. Anderson was pulled out of his truck and thrown to the ground, had officers hold him down by knees, while other officers yanked his arms, causing injury to his shoulders;

n.     Upon information and belief on July 3, 2019, Mario Jackson was injured by officer of the Lynchburg Police Department after he was stopped for an alleged "window tint violation." After having Mr. Jackson exit his vehicle the officers grabbed him and slammed him against the car, threw him to the ground, then beat him while he begged the officers to stop.

o.     Upon information and belief on March 7, 2020, Aniyah Hicks was injured by officers of the Lynchburg Police Department, requiring her to receive seven stitches to close a gash above her eye, when she was assaulted, thrown to the ground, then had her face pressed into the ground by Officer Godsie, while she was

presenting no danger to any officer or the public, was not attempting to flee, and was breaking no law, other than being present at a fight;

31. The gross indifference by the City and the Lynchburg City Police Department to the conduct of officers, which includes repeated failures to follow policy and procedures, unnecessary use of excessive force, roughness during arrest, and intimidation of suspects during arrests, led to the violation of Ms. Davis's constitutionally protected rights. The failure of the Chief of Police and the Lynchburg City Police Department to take corrective action after learning of prior instances of the officers' misconduct, and the failure to properly train the officers, led to these violations.

32. All defendants acted pursuant to the policies, regulations and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy or were pursuant to a governmental custom, usage or practice of the Lynchburg City Police Department and Lynchburg Chief of Police.

33. Upon information and belief, the Lynchburg Police Department investigated the use of force by defendants Gifford and Pupillo and concluded that both men acted lawfully and in conformity with public policy.

34. Defendant Ryan Zuidema, in his official capacity, is the final policy-maker and decision maker with regard to investigation of use of force by Lynchburg police officers.

35. Defendants Ryan Zuidema and the City of Lynchburg condoned and ratified the unconstitutional and excessive use of force by defendants Gifford and Pupillo against Regina Davis on March 24, 2021.

36. The actions by defendants Gifford and Pupillo against Regina Davis on March 24, 2021, were of a malicious and intentional nature and manifested a deliberate indifference to her constitutional rights.

37.  Ms. Davis's constitutional rights at issue were clearly established at the time of the violations by the Defendants.

38. Clearly established law forbade the use of force against Ms. Davis by defendants Gifford and Pupillo on March 24, 2021.

39.  Defendants acted under the color of state law when they used excessive force against Regina Davis on March 24, 2021.

40.  Defendants acted willfully, knowingly, and with the specific intent to deprive Ms. Davis of her constitutional rights secured by 42 U.S.C. § 1983, and under each of the Fourth and the Fourteenth Amendments to the United States Constitution, when they used excessive force against Regina Davis on March 24, 2021.

41.  As a direct and proximate result of the Defendants' actions, Ms. Davis has suffered and will continue to suffer physical pain and suffering, physical injury, medical expenses, humiliation, psychological pain, suffering and mental anguish, and other damages.

## COUNT II - ASSAULT AND BATTERY

## VIRGINIA COMMON LAW CLAIM

(Defendants Gifford, Pupllo and City of Lynchburg)

42.  Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

43.  Upon information and belief, defendants Gifford and Pupillo repeatedly touched Ms. Davis in a vicious, rude, insulting, brutal, unwanted and offensive manner.

11

44. Upon information and belief, defendants Gifford and Pupillo without provocation or excuse twisted Ms. Davis's arms behind her back, forced her to the ground, and repeatedly beat her head and face into the concrete floor.

45.  The touching was unsolicited by Ms. Davis, unwarranted, and inappropriate.

46. The unwanted touching was not consented to, excused or justified. Furthermore, the officer defendants Gifford and Pupillo engaged in acts intending to cause harmful or offensive contact with Ms. Davis or to create a reasonable apprehension of an immediate, unwanted touching for Ms. Davis. These actions constitute assault and battery, put Ms. Davis in fear of, and apprehensive of being struck and physically harmed.

47. At the time the tortious conduct that injured Plaintiff was committed, defendants Gifford and Pupillo were acting within the scope of their employment duties and their tortious conduct was therefore imputable to defendant City of Lynchburg.

48.  The failure of defendants City of Lynchburg and Ryan Zuidema, in his official capacity, to properly train and supervise Officer Defendants Gifford and Pupillo was a proximate cause of Ms. Davis' injuries.

49. The tortious conduct that was committed by defendants Gifford and Pupillo which injured Plaintiff as described above, was subsequently ratified by the Lynchburg Police Department, and Ryan Zuidema, in his official capacity, and thus, such tortious conduct is imputable to defendants Lynchburg Police Department and to Ryan Zuidema, in his official capacity.

50. The actions of the Defendants were malicious, intentional and amounted to extreme and outrageous conduct, causing Plaintiff to suffer emotional distress necessitating medical treatment and consequent medical expenses.

51.  As a proximate result of the Defendants' actions as set forth above, Plaintiff has suffered and will continue to suffer, physical pain and suffering, physical injury, medical expenses, humiliation, psychological pain, suffering and mental anguish, and other damages.

### COUNT III - MUNICIPAL LIABILITY – FAILURE TO TRAIN

### (42 U.S.C. § 1983 – Monell Liability)

(Defendants City of Lynchburg and Ryan Zuidema, in his official capacity)

52.  Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

53.  Defendants Gifford and Pupillo acted under color of state law.

54.  The acts of the individual defendants deprived Ms. Davis her particular rights under the United States Constitution.

55. The training policies of the City were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, handling situations involving citizens with mental health crises, and the use of force.

56.  The City was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, including training with respect to tactics, handling situations involving citizens with mental health crises, and the use of force.

57. The failure of the City to provide adequate training caused the deprivation of Ms. Davis's rights by the individual defendants; that is, Defendants' failure to train is so closely related to the deprivation of Ms. Davis' rights as to be the moving force that caused the ultimate injury.

58.  Upon information and belief, the City failed to train the individual defendants properly and adequately, including training with respect to tactics, handling situations involving citizens with mental health crises, and the use of force.

59.  By reason of the aforementioned acts and omissions, Ms. Davis has endured mental anguish, pain, suffering, and loss of enjoyment of life.

60.  Ms. Davis also seeks punitive damages and attorney fees.

## COUNT IV – GROSS NEGLIGENCE

## VIRGINIA COMMON LAW CLAIM

(All Defendants)

61.  Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

62.  Police officers have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, not using unnecessary force, using less than lethal options, and only using deadly force as a last resort.

63.  In performing the acts alleged herein, defendants and each of them acted negligently.

64.  Additionally, and/or alternatively, in doing the things herein alleged, defendants, and each of them, acted with such complete indifference to plaintiff as to constitute an utter disregard of caution amounting to a complete neglect of the safety and rights of plaintiff as to shock fair-minded people.

65.  Thus, the actions of defendants, jointly and severally, and each of them individually, constitute gross negligence.

66.  Additionally, in performing the acts herein alleged, the defendants, jointly and severally, acted consciously and in utter disregard of plaintiff's rights or with reckless indifference to the consequences to Ms. Davis.

67.  Defendants were each aware of their conduct and were also aware, from their knowledge of circumstances and conditions existing at that time, that their conduct would probably result in harm to plaintiff.

68.  As a result of the actions of the defendants, Plaintiff suffered the injuries and incurred the damages described, inclusive, *supra*.

69. In performing the acts alleged herein, the defendants acted willfully, wantonly, intentionally, and in conscious disregard of plaintiff's rights. Said conduct justifies the award of punitive damages.

70. Defendants Gifford and Pupillo breached their duty of care to Ms. Davis. The actions and inactions of defendants Gifford and Pupillo were negligent and reckless, including but not limited to:

    a.  the failure to properly and adequately assess the need to detain, arrest, restrain, or use force or excessive force against Ms. Davis;

    b.  the negligent tactics and handling of the situation with Ms. Davis, including negligence occurring immediately prior to the use of force, and negligent tactics in handling a situation of an arrest;

    c.  the negligent detention, arrest, and use of excessive force against Ms. Davis;

    d.   the failure to properly train and supervise employees, both professional and nonprofessional, including Gifford and Pupillo.

    e.  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Ms. Davis.

71. As a direct and proximate result of Defendants' conduct as alleged above, and other negligent conduct, Ms. Davis was caused to suffer injuries and severe pain and suffering. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.

72.  The City of Lynchburg is vicariously liable for the wrongful acts of Defendants.

73.  As a direct and proximate result of Defendants' conduct as alleged above, and other negligent conduct, Ms. Davis was caused to suffer injuries and severe pain and suffering. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.

74.  The City of Lynchburg is vicariously liable for the wrongful acts and injuries caused by its employees within the scope of the employment if the employees' acts would subject him or her to liability.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## VIRGINIA COMMON LAW CLAIM

(Defendants Gifford and Pupillo )

75.  Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

76. The defendants knew, or should have known, that their actions would cause Regina Davis serious physical and emotional injury.

77. The conduct was deliberate, vicious, extreme, outrageous and intolerable and against human decency, public policy, and acceptable police training standards so as to shock the conscience of any reasonable person.

78. Ms. Davis' injuries, both physical and psychological are the direct result of the purposeful and intentional conduct of the Lynchburg Police Officers who meant to inflict

as much physical and mental anguish as possible during the events that took place on March 24, 2021 and upon which this complaint is based.

**WHEREFORE**, Plaintiff, Regina Davis requests damages as follows:

A. Against all defendants, jointly and severally, for compensatory damages in the amount of five million dollars ($5,000,000.00);

B. Against all defendants, jointly and severally, for punitive damages in the amount of ten million dollars ($10,000,000);

C. Declaratory relief that the policies, practices, procedures, conditions and customs of the defendant violate the Plaintiff's right to be free from the use of excessive as secured to her by the Fourteenth Amendment to the United States Constitution;

D. Injunctive relief enjoining the defendants from engaging in the use of excessive force and other actions which violated the Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;

E. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

F. For such further relief as the Court deems just and proper.

**A JURY TRIAL IS DEMANDED**

Respectfully Submitted,

**REGINA DAVIS**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

**By: /s/ M. Paul Valois**
　　**M. Paul Valois, Esquire**
　　**Counsel for Plaintiff**

17

**Virginia State Bar No. 72326**
**mvalois@vbclegal.com**