IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| REGINA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action: 6:23cv00014 |
| ) | |
| CITY OF LYNCHBURG, ) | |
| RYAN ZUIDEMA, et al. ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants City of Lynchburg, Virginia, Chief of the Lynchburg Police Department Ryan Zuidema, Police Officer S.H. Gifford, and Police Officer M. Pupillo, by counsel, respectfully submit this memorandum in support of their motion to dismiss.

## BACKGROUND

Plaintiff Regina Davis ("Davis") alleges in Count I of her Complaint that defendant Police Officers Gifford and Pupillo (the "Officers") are liable under 42 U.S.C. § 1983 for use of excessive force because they, "[u]pon information and belief, . . . intentionally and maliciously beat, injured, and harmed" Davis "without provocation or reason" and did so "willingly, knowingly, and with the specific intent to deprive" Davis of her Fourth and Fourteenth Amendment rights, while taking her into custody on March 24, 2021 (Compl. ¶¶ 26 & 40). Davis further alleges in Count I that defendant Chief of the Lynchburg Police Department Ryan Zuidema, in his official capacity ("Chief Zuidema"), "is responsible in his official capacity for the training, supervision and conduct of the officers employed by his office" and "with final

1

policy-making authority for the Lynchburg City Police Department, was responsible in his official capacity for the violation of Plaintiff's Constitutional rights." (Compl. ¶ 27). Davis further alleges that defendant City of Lynchburg, Virginia (the "City") is liable for the Officers' excessive force under 42 U.S.C. § 1983 because the Lynchburg Police Department (the "LPD") created and maintained an unconstitutional policy or custom of allowing its police officers to use excessive force and was deliberately indifferent in supervising and training the police officers (Compl. ¶ 29). In support of this allegation, Davis, recites "[u]pon information and belief" 15 separate instances, beginning in 2001 and ending in 2020, in which Lynchburg police officers allegedly used excessive force (Compl. ¶ 30). Davis further alleges that Chief Zuidema and the City "condoned and ratified" the use of excessive force by the Officers (Compl. ¶ 35).

Davis alleges in Count II that, "[u]pon information and belief," the Officers touched Davis in such a way as to result in unwanted touching to and reasonable apprehension by Davis such that they are liable for the state law claim of assault and battery (Compl. ¶¶ 43, 44 & 46). Davis further alleges that the City is vicariously liable in *respondeat superior* for the Officers' actions (Compl. ¶ 47). Davis further alleges that the City and Chief Zuidema are liable due to Davis' legal conclusion that their failure to train and supervise the Officers was a "proximate cause" of her injuries (Compl. ¶ 48). Davis further alleges that the Officers' allegedly tortious conduct "is imputable to defendants Lynchburg Police Department [not a defendant] and to Ryan Zuidema, in his official capacity" because the conduct "was subsequently ratified by" them (Compl. ¶ 49).

Davis alleges in Count III that the City is liable under 42 U.S.C. § 1983 for municipal liability – failure to train because "[u]pon information and belief, the City failed to train [the Officers] properly and adequately, including training with respect to tactics, handling situations

2

involving citizens with mental health crises, and the use of force[,]" and this caused the deprivation of Davis' rights (Compl. ¶¶ 57 & 58). While the parenthetical under the heading for Count III purports to apply the count to Chief Zuidema in his official capacity as well as the City, Davis does not specifically allege that Chief Zuidema is liable under 42 U.S.C. § 1983 for failure to train.

Davis alleges in Count IV that all the Defendants are jointly and severally liable for the state law claim of gross negligence for their allegedly negligent and reckless actions during the arrest (Compl. ¶¶ 65, 66 & 70) and further that the City is vicariously liable in *respondeat superior* for the Officers' gross negligence (Compl. ¶¶ 72&74).

Finally, Davis alleges in Count V that the Officers are liable for the state law claim of intentional infliction of emotional distress because they "meant to inflict as much physical and mental anguish as possible" during the arrest (Compl. ¶ 78).

STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted

inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, she must allege facts sufficient to state all the elements of her claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds for her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

While "[a] plaintiff is generally permitted to plead facts based 'upon information and belief' if the plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant[,] . . . this permission is not limitless—allegations based 'upon information and belief' must be supported by secondhand information that provides the plaintiff a good-faith reason for believing it to be true." *Drzymala v. BAE Sys. Controls, Inc.*, Civil Action No. 7:21-cv-00522, 2022 U.S. Dist. LEXIS 157253, at *6-7 (W.D. Va. Aug. 31, 2022) (internal citations and quotation marks omitted). "If allegations made 'upon information and belief' are not grounded in specific facts, they veer away from supporting plausible inferences." *Id.* (internal quotation marks omitted).

ARGUMENT

For the sake of efficiency and the Court's convenience, Defendants respectfully submit each of their arguments in turn below in support of their respective motions to dismiss.

Defendants collectively submit that the Fourteenth Amendment is inapplicable to this case. *See Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008) ("Fourth Amendment [only] governs claims of excessive force during the course of an arrest, investigatory stop, or other seizure of a person. Whereas, excessive force claims of a pretrial detainee [or arrestee] are governed by the Due Process Clause of the Fourteenth Amendment.") (internal citations and quotation marks omitted). Here, Davis alleges that she was injured during the course of her arrest. The Court should dismiss Davis' claim that the Defendants violated her rights under the Fourteenth Amendment.

## CITY OF LYNCHBURG

**COUNT I.    Davis failed to state a claim under 42 U.S.C. § 1983 against the City.**

Davis seeks to impute liability to the City for the alleged use of excessive force by the Officers. However, Davis' conclusory allegations fail to establish a municipal liability claim.

A local government entity cannot be held liable under 42 U.S.C. § 1983 for injuries inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Local governments are only liable for their own illegal acts. Accordingly, to impose liability on a governmental entity, a plaintiff must establish the existence of an official policy or custom that caused the constitutional deprivations. *Id.*

An official policy refers to formal rules or understandings that establish "fixed plans of action to be followed under similar circumstances consistently and over time." *Semple v. City of*

5

*Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). Such policies "must be contrasted with episodic exercises of discretion in the operational details of government." *Id.* (internal citations omitted). In limited conditions a government entity can create official policy by making a single decision in response to particular circumstances. However, municipal liability attaches for a single decision "only when the decision maker is the municipality's governing body, a municipal agency, or an official possessing final authority to create official policy." *Id.* (internal citations omitted).

A municipal custom may arise only if a practice is "persistent and widespread," and "permanent and well settled." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). A custom may be attributed to a municipality when the duration and frequency of the unconstitutional practices warrant a finding of either actual or constructive knowledge by the locality that the practices have become customary among its employees. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). A policy or custom will not, however, "be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984).

To state a claim for municipal liability, a plaintiff must allege facts, beyond those surrounding her own injury and arrest, which reference actual events demonstrating a policy or custom that was the "moving force" behind the violation at issue. *Id.* at 230-31; *Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 305 (D. Md. 2002); *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (finding the § 1983 claim against the fire department was properly dismissed because the "conclusory allegations of discrimination were not supported by any reference to particular acts, practices or policies of the Fire Department."). Such a claim must be alleged with "factual specificity." *Hixson v. Hutcheson*, 2018 U.S. Dist. LEXIS 130360,

6

at *15 (W.D. Va. 2018).  Under these principles, Davis' Complaint lacks the requisite factual specificity to impose municipal liability on the City.

        **A.**      **The allegations are insufficient to show that the City had an unconstitutional custom or policy.**

In support of her allegation in Count I that the City created and allowed the continuance of a policy or custom of allowing use of excessive force by its officers, Davis recites "[u]pon information and belief" 15 separate instances in which Lynchburg police officers allegedly used excessive force over a span of 20 years (Compl. ¶ 30). While Davis alleged an example that could be considered similar to her allegations, namely the February 4, 2016 incident involving Tershaud Rose (Compl. ¶ 30.d.), that incident resulted in a municipal liability claim against the City that was dismissed by this Court. *See Tershaud Savoryea Rose v. Centra Health, Inc.*, No. 6:17-CV-00012, 2017 U.S. Dist. LEXIS 123966, at *2 (W.D. Va. Aug. 7, 2017).

Furthermore, Davis' heavy reliance on the phrase "upon information and belief" while reciting these incidents demonstrates a lack of specific factual allegations. *Drzymala v. BAE Sys. Controls, Inc.*, Civil Action No. 7:21-cv-00522, 2022 U.S. Dist. LEXIS 157253, at *3 (W.D. Va. Aug. 31, 2022). There is nothing to support such a conclusion, other than Davis' allegation that the incidents involved excessive force and that Chief Zuidema and the LPD "[failed] to take corrective action."  These vague and conclusory allegations do not reference any particular factual conduct by City officials to support a policy or custom of excessive force during arrest. Moreover, Davis made no allegation that there was a finding by any tribunal that the alleged uses of force violated constitutional rights, much less that they were excessive.  Accordingly, such alleged uses of excessive force spanning over 20 years do not establish the sort of pattern that supports a *Monell* claim against the City.

**B. The City's alleged condoning and ratification of the Officers' conduct are insufficient to state a claim of municipal liability.**

In Count I, Davis further alleges that the City "condoned and ratified" the alleged use of excessive force by the Officers by concluding that the Officers acted lawfully (Compl. ¶ 35). These allegations are also insufficient to state a claim for municipal liability. It is impossible for the City's determination—made *after* the alleged excessive force—to have caused the excessive force. Mere ratification of the conduct at issue "could not have been the 'moving force' behind [the] defendants' alleged constitutional violations if the City's actions *followed* the Police Officer Defendants' actions." *Booker v. City of Lynchburg*, 2020 U.S. Dist. LEXIS 128818, at *23 (W.D. Va. July 22, 2020) (citing *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 397 (1997)).

*Booker*, as well as this case, are distinguishable from *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529 (4th Cir. 2022) because in *Starbuck*, the school board's action of approving the student's suspension was a necessary element of the suspension actually having occurred, thus making it a "moving force" behind the constitutional violation. Whereas here, the City and Chief Zuidema's alleged ratification of the Officer's conduct after the fact had no effect on whether the conduct actually occurred, and thus, could not have been the "moving force" behind Davis' alleged constitutional violations. Accordingly, the City cannot be liable for the Officers' alleged use of excessive force by reason of any alleged condoning or ratification of the Officers' conduct. Count I should be dismissed as to the City.

**COUNTS II, IV.     Davis failed to state a tort claim against the City.**

**A.     The City is immune from vicarious liability for tort claims under *respondeat superior*.**

The City cannot be held liable for any of the torts claimed by Davis. In Virginia, it is well settled that municipalities are immune from liability for torts committed by their employees during the exercise of governmental functions. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Niese v. City of Alexandria*, 264 Va. 230, 238 (2002). Maintaining a police force is a governmental function. *Carter*, 164 F.3d at 221; *Niese*, 264 Va. at 240. All of Davis' tort claims involve actions taken during the performance of police duties while in the course of her arrest, or related to police training or supervision. *See, e.g.*, *Elder v. City of Danville*, 2013 U.S. Dist. LEXIS 174135, at *20-21 (W.D. Va. Dec. 12, 2013) (finding that the City of Danville had sovereign immunity for its officer's alleged assault and battery of an arrestee because the officer was performing a governmental function when he seized the plaintiff and searched his car); *Niese*, 264 Va. at 240 (finding the City of Alexandria was immune from tort claims associated with its decision to retain individual police officers because such employment decisions are an "integral part of the governmental function of maintaining a police force"). Accordingly, the City is immune from Davis' state tort claims.

> **B.   The City's alleged failure to train and supervise the Officers being a proximate cause of Davis' injuries is irrelevant.**

Davis' allegation that the City's failure to properly train and supervise the Officers was a "proximate cause" of Davis' injuries is irrelevant and inappropriate. *See Porter v. Braskem Am., Inc.*, No. 21-1265, 2021 U.S. App. LEXIS 32610, at *4 (4th Cir. Nov. 2, 2021) (citing *McKenzie v. Sevier*, 244 W. Va. 416, 854 S.E.2d 236, 246 (W. Va. 2020) (concluding that, in a battery case, appellants' "argument relying on proximate cause espoused in our negligence jurisprudence is simply inapplicable here in the intentional tort context")). Thus, Counts II and IV should be dismissed as to the City.

**COUNT III.  Davis failed to state a claim of Municipal Liability - Failure to Train against the City.**

In support of her Count III claim of municipal liability – failure to train under 42 U.S.C. § 1983, Davis makes a series of bald assertions unsupported by facts (*See* Compl. at ¶¶ 55-58). Davis' reliance on the phrase "upon information and belief" while alleging that the City failed to train its officers demonstrates a lack of specific factual allegations. *Drzymala v. BAE Sys. Controls, Inc.*, Civil Action No. 7:21-cv-00522, 2022 U.S. Dist. LEXIS 157253, at *3 (W.D. Va. Aug. 31, 2022). These vague and conclusory allegations do not reference any particular factual conduct by City officials to support the conclusion that they failed to train their police officers. Courts examining similar allegations have held them insufficient to state a *Monell* claim.

For example, in *Jackson v. Brickey*, Jackson claimed his arrest for obstruction of justice lacked probable cause.  He alleged, *inter alia*, that the arrest stemmed from the Saltville Police Department's "institution-wide failure to train its officers properly about the rule of law and the Constitutional rights of U.S. citizens" and its "*de facto* institution-wide policies about ignoring or being deliberately indifferent to Constitutional rights or violations of such rights." *Jackson v. Brickey*, 771 F. Supp. 2d 593, 604 (W.D. Va. 2011).  The Court disregarded these allegations, holding they were "mere conclusory statements regarding the police department's failure to train," which amounted to "naked assertions devoid of further factual enhancement." *Id.* (citing *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted).  Jackson's "references to generalized deficiencies within the department d[id] not sufficiently flesh out his allegations." *Id.*  Likewise, Davis' allegations are naked assertions devoid of factual support. Accordingly, Count III should be dismissed as to the City.

### CHIEF ZUIDEMA

**COUNTS I, III.     The constitutional claims against Chief Zuidema, in his official capacity, and the City are duplicative.**

Chief Zuidema has been named in his official capacity in this lawsuit along with the City. Therefore, the constitutional claims are duplicative and Chief Zuidema ought to be dismissed. *Bhattacharya v. Murray*, No. 3:19-cv-54, 2022 U.S. Dist. LEXIS 46641, at *11 (W.D. Va. Mar. 16, 2022) ("[W]here a plaintiff seeks to add claims against a government officer in the officer's official capacity, having already named the relevant governmental entity, the claims are duplicative and must be dismissed.")

**COUNTS II, IV.     Davis failed to state a tort claim against Chief Zuidema.**

    **A.     Chief Zuidema is immune from vicarious liability for tort claims under *respondeat superior*.**

In Counts II and IV, Davis makes a series of conclusory allegations, including the allegation that all defendants are jointly and severally liable for the assault and battery and gross negligence of the Officers. For the same reasons stated *supra* in the City's argument against these Counts, and because Chief Zuidema is named in his official capacity and thus stands as a representative of the City, Chief Zuidema is immune from Davis' state tort claims.

    **B.     Chief Zuidema's alleged failure to train and supervise the Officers being a proximate cause of Davis' injuries is irrelevant.**

Davis' allegation that Chief Zuidema's failure to properly train and supervise the Officers was a "proximate cause" of Davis' injuries is irrelevant and inappropriate. *See Porter v. Braskem Am., Inc.*, No. 21-1265, 2021 U.S. App. LEXIS 32610, at *4 (4th Cir. Nov. 2, 2021) (citing *McKenzie v. Sevier*, 244 W. Va. 416, 854 S.E.2d 236, 246 (W. Va. 2020) (concluding that, in a

battery case, appellants' "argument relying on proximate cause espoused in our negligence jurisprudence is simply inapplicable here in the intentional tort context")). Thus, Counts II and IV should be dismissed as to Chief Zuidema.

### OFFICERS GIFFORD AND PUPILLO

**COUNT IV.   Davis failed to state a claim of Gross Negligence against the Officers.**

Davis' conclusory allegations in Count IV do not rise to meet the standard of gross negligence, which is a very high bar to reach. *See Commonwealth v. Giddens*, 295 Va. 607, 613-14, 816 S.E.2d 290, 294 (2018). The fact that Davis makes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, Count IV should be dismissed.

**COUNT V.   Davis failed to state a claim of Intentional Infliction of Emotional Distress against the Officers.**

**A.   The allegations are insufficient to state a claim for IIED.**

Moreover, the Complaint fails to state a claim for intentional infliction of emotional distress ("IIED"). Claims for intentional infliction of emotional distress are disfavored under Virginia law. *A.H. v. Church of Christ, Inc.*, 297 Va. 604, 831 S.E.2d 460, 476 n.18 (Va. 2019). To state a claim for IIED, Davis must allege facts to show the officers' conduct was (1) intentional or reckless; (2) outrageous and intolerable; (3) that it caused her emotional distress; and (4) that the emotional distress is severe. *Russo v. White*, 241 Va. 23, 26 (1991). The behavior must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. IIED claims are disfavored in Virginia and require proof by clear and

convincing evidence. *Burnopp v. Carter Bank & Trust*, 2020 U.S. Dist. LEXIS 219157, at *5 (W.D. Va. Nov. 23, 2020). Each element must be pled with specificity. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 136 (2000).

Davis alleges that the Officers' "conduct was deliberate, vicious, extreme, outrageous and intolerable and against human decency, public policy, and acceptable police training standards so as to shock the conscience of any reasonable person" and caused her "injuries, both physical and psychological" (Compl. ¶ 78). This allegation, while replete with adjectives, is factually insufficient to show the requisite specific, severe emotional injury to advance her claim. *See Cole v. Oakey*, 101 Va. Cir. 288, 294 (Roanoke City Cir. Ct. 2019).

This Court, in *Booker v. City of Lynchburg*, 2020 U.S. Dist. LEXIS 128818, at *17-18 (W.D. Va. July 22, 2020), dismissed a claim of IIED against police officer defendants where the "Plaintiff's only other references in the complaint to his severe emotional distress are couched in conclusory terms that do little more than restate the elements of the prima facie case." For example, the plaintiff stated "that the Defendants caused him 'serious physical and emotional injury[,]' . . . 'extreme physical and emotional pain and suffering[,]' . . . 'emotional distress necessitating medical treatment and consequent medical expenses[,]' . . . [and] emotional distress, mental anguish, and pain[.]' *Id.* (internal citations omitted). Because the plaintiff provided "no factual allegations to detail the severity of his emotional distress, he . . . failed to meet Rule 8's pleading standard as set forth by *Twombly* and *Iqbal*. *See Crittendon v. Arai Ams., Inc.*, No. 2:13-cv-567, 2014 U.S. Dist. LEXIS 576, 2014 WL 31490, at *5 (E.D. Va. Jan. 3, 2014) (dismissing intentional infliction of emotional distress claim under Virginia law because plaintiff offered 'only two conclusory allegations that she suffered severe emotional distress but supports these allegations with no facts to illustrate the severity of the emotional distress')." *Id.*

Similarly, Davis made only one conclusory allegation that she suffered "injuries, both physical and psychological[,]" and did not support the allegation with any facts to illustrate the severity of her psychological or emotional distress. Accordingly, Davis failed to state a claim for IIED.

### B.     IIED is a non-tactile tort and thus does not apply.

Notwithstanding the bases for dismissal outlined above, IIED is not an appropriate vehicle to address the tactile wrongs allegedly executed by the Officers. The Supreme Court of Virginia has recognized that this claim is disfavored "because there are inherent problems in proving a claim alleging injury to the mind or emotions *in the absence of accompanying physical injury*." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 370 (2008) (emphasis added). Here, Davis improperly conflates her damages resulting from the alleged excessive force with separate causes of action for those same damages. A claim for intentional infliction of emotional distress seeks "liability in tort for a *nontactile wrong*." *Ruth v. Fletcher*, 237 Va. 366, 372 (1989) (emphasis added). Davis' claim of excessive force does not fall under the IIED umbrella under Virginia law. To hold otherwise would allow Davis impermissible double recovery for the same alleged damages. Thus, Count V should be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants City of Lynchburg, Virginia, Chief of the Lynchburg Police Department Ryan Zuidema, Police Officer S.H. Gifford, and Police Officer M. Pupillo, by counsel, respectfully request that the Court dismiss with prejudice the Plaintiff's claims as detailed in this Memorandum, and for such other relief as the Court may deem appropriate.

CITY OF LYNCHBURG, RYAN ZUIDEMA,
S. H. GIFFORD, M. PUPILLO


By /s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB # 22299)
Matthew J. Schmitt (VSB# 96513)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
   *Attorney for Defendants*


**CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois, Esq.
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax:    (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiff*


/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB # 22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
   *Attorney for Defendants*