IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **REGINA DAVIS,** *Plaintiff* | ) ) ) |
| v. | ) ) CASE NO. 6:23cv00014 ) |
| **CITY OF LYNCHBURG, et al.,** *Defendants*. | ) ) ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

COMES NOW the Plaintiff, by counsel, in opposition to the Rule 12(b)(6) motion filed by the Defendants, to-wit:

**THE COMPLAINT ALLEGED SUFFICIENT EXAMPLES OF UNCONSTITUTIONAL USE OF FORCE TO STATE A CAUSE OF ACTION FOR A *MONELL* CLAIM AGAINST THE CITY OF LYNCHBURG IN COUNT ONE OF THE COMPLAINT**

The City of Lynchburg seeks to dismiss Counts Seven and Eight of the Complaint for failure to state facts sufficient to sustain plausible *Monell* claims regarding the unconstitutional custom of excessive use of force by the Lynchburg Police Department.  The Plaintiff has alleged fourteen specific acts of unconstitutional use of force by officers of the Lynchburg Police Department.  Complaint ¶ 30-a-o  The City argues that the fourteen specific examples provided in the Complaint alleging distinct and particular instances of the unconstitutional use of force by officers of the Lynchburg Police Department are insufficient to state such claims.  See, Complaint ¶¶ 76a-n  However, this Court has recently ruled that a subset of these particular examples were sufficient to state a cause of action for the unconstitutional custom of excessive use of force by the Lynchburg Police Department.  *Booker v. City of Lynchburg*, CASE NO. 6:20-cv-00011 (W.D. Va. Feb. 11, 2021)  Thus, by use of the same examples, the Plaintiff has stated plausible *Monell* claims regarding the unconstitutional custom of excessive use of force by

the Lynchburg Police Department.

The Defendants attempt to distinguish between the facts in *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*[1] and the instant case.  In *Starbuck*, the post-suspension ratification by a school board of a student's suspension from a public school was held by the Fourth Circuit to be a "moving force" behind the claimed injury because the ratification had the effect of leaving a suspension on the student's record.  In the instant case, the Lynchburg Police Department's ratification of the unconstitutional use of force by its police officers had the effect of continuing the LPD's unlawful custom of condonation of unconstitutional use of force by LPD officers, which was alleged in the Complaint to be a moving force of the Plaintiff's injuries.  The same ratification condoned the LPD's failure to discipline its officers that was also alleged in the Complaint to be a moving force of Plaintiff's injuries.  Finally, there is no logical distinction between a ratification that exonerates a citizen in case involving a school suspension and a ratification that exonerates police officers in their use of force in a criminal case.  Indeed, a record reflecting the unconstitutional use of force by an arresting officer is generally much more significant to a criminal defendant than the record of an unjustified school suspension is to a high school student.

Ratification of a subordinate's deviation from an official policy is simply an act by the final policymaker of making a new final policy that condones the subordinate's conduct:

> When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality. Similarly, when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their

---

[1] 28 F.4th 529 (4th Cir. 2022)

decision is final.  *Starbuck, supra* quoting *St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915 (1988)

## THE PLAINTIFF CONCEDES THAT THE CITY OF LYNCHBURG IS IMMUNE FROM STATE LAW TORT CLAIMS IN COUNTS TWO AND FOUR

The Plaintiff concedes that the City of Lynchburg, having asserted the affirmative defense of sovereign immunity, is immune from suit in Counts Two and Four, and so the City of Lynchburg should be dismissed from these counts.

## THE COMPLAINT ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR A *MONELL* CLAIM AGAINST THE CITY OF LYNCHBURG IN COUNT THREE

The Complaint cited fourteen examples of the recent unconstitutional use of force by LPD officers in addition to specifically alleging that LPD's training was both inadequate and deliberately indifferent to the rights of subjects with mental health problems. Thus, the allegations are supported by factual allegations that establish a pattern of failing to adequately train LPD officers in the constitutional limits of use of force.  The Plaintiff has stated a plausible *Monell* claim for failure to train.

## THE PLAINTIFF CONCEDES THAT CHIEF ZUIDEMA, IN HIS OFFICIAL CAPACITY, SHOULD BE DISMISSED FROM ALL COUNTS OF THE COMPLAINT

The Defendants' arguments that Chief Zuidema, in his official capacity, should be dismissed from all counts of the Complaint are well-taken and so Plaintiff concedes that Chief Zuidema, in his official capacity, should be dismissed from all counts of the Complaint..

## THE PLAINTIFF ALLEGED A PLAUSIBLE GROSS NEGLIGENCE CLAIM AGAINST DEFENDANTS GIFFORD AND PUPILLO IN COUNT FOUR OF THE COMPLAINT

The Defendants argue that the Plaintiff offered only a threadbare, formulaic recitation of the elements of gross negligence, but, in fact, the Plaintiff alleged with particularity that defendants Gifford and Pupiolo acted with complete indifference to Ms. Davis' rights in

analyzing the facts surrounding their interaction with her and in making the decision to arrest her.

Gross negligence should ordinarily be determined by a jury. *Frazier v. City of Norfolk*, 234 Va. 388, 362 S.E.2d 688 (Va. 1987)  Plaintiff has plausibly alleged facts that, if proven at trial, could permit a jury to find that Officers Gifford and Pupillo failed to provide the scant care necessary to defeat a claim of gross negligence. Thus, neither Gifford nor Pupillo should be dismissed from Count Four.

**THE PLAINTIFF CONSENTS TO DISMISSAL OF COUNT FIVE.**

The Plaintiff consents to dismissal, without prejudice, of Count Five.

Respectfully submitted,

**REGINA DAVIS**
**By Counsel**

/s/ M. Paul Valois
**M. Paul Valois, Esquire**
**Virginia State Bar No. 72326**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**
**mvalois@vbclegal.com**

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2023, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/ M. Paul Valois