IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| REGINA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action: 6:23cv00014 |
| ) | |
| CITY OF LYNCHBURG, ) | |
| RYAN ZUIDEMA, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants, City of Lynchburg, Virginia, Chief of the Lynchburg Police Department Ryan Zuidema, Police Officer S.H. Gifford, and Police Officer M. Pupillo, by counsel, submit this reply memorandum in support of its previously filed Motion to Dismiss.

THE ALLEGATIONS IN THE COMPLAINT DO NOT SUPPORT A MONELL CLAIM
AGAINST THE CITY OF LYNCHBURG

Plaintiff argues that the existence of previous lawsuits and/or events in which a suspect claims that a City of Lynchburg Police Officer used excessive force is sufficient to allege Monell liability against the City. But the allegations in the Complaint regarding particular instances are insufficient because the references to lawsuits do not indicate that any of the lawsuits resulted in a finding of constitutional violation or use of excessive force. Moreover, the references to alleged uses of excessive force lack information to substantiate the outcome of the allegations. It is axiomatic that allegations of previous uses of excessive force without more cannot establish a policy. If the allegations or claims are untrue or unfounded, then there was no excessive force in

1

accordance with an alleged policy. For that reason, Plaintiff's allegations in the Complaint are insufficient to show a pattern or practice which is effectively an unofficial policy.

Starbuck v. Williamsburg James City Cnty. Sch. Bd., 28 F. 4th 529 (4th Cir. 2022) is inapposite to this case. Plaintiff argues that the Starbuck decision stands for the concept that the City's failure to discipline its officers constitutes ratification of the officers' actions. Plaintiff misreads the Starbuck decision. First, the holding in Starbuck is "the School Board's approval of a suspension allegedly imposed to punish assertedly protected speech is a decision of a body with final policy-making authority. Monell teaches that such a decision gives rise to the School Board's potential liability under 42 U.S.C. §1983." 28 F. 4th at 536. Second, although the opinion in Starbuck veered off into a discussion of ratification, the School Board's decision gave rise to a constitutional violation in and of itself. That is, the School Board retains the final "say so" over student's suspensions including short term suspensions. Id. at 533. Accordingly, the School Board's actions in Starbuck was a decision by policy makers that gives rise to Monell liability. The School Board's act constituted the moving force behind the asserted constitutional violation – the alleged punishment of protected speech. Id. at 535. The ratification must rise to the level of a policy or custom. Orndorff v. Shkut, 2018 U.S. Dist. LEXIS 178141 at 23. The damage claimed by Starbuck – a suspension on his permanent record – directly resulted from the School Board's actions.

In this case, the alleged review and approval by the City of the Officers' actions caused no damage to the Plaintiff. As opposed to the circumstances in the Starbuck, the City's actions were not an excessive use of force and did not cause injury. In short, the analysis in Starbuck does not apply in this case because the constitutional injury did not result from the City's review.

CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court sustain their Motion to Dismiss.

> CITY OF LYNCHBURG, CHIEF RYAN ZUIDEMA, OFFICER S.F. GIFFORD, OFFICER M. PUPILLO
>
> By: /s/ Jim H. Guynn, Jr.
> Jim H. Guynn, Jr. (VSB #22299)
> Guynn Waddell, P.C.
> 415 S. College Avenue
> Salem, Virginia  24153
> Phone: 540-387-2320
> Fax:    540-389-2350
> Email: jimg@guynnwaddell.com
> *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiff*

> /s/ Jim H. Guynn, Jr.
> Jim H. Guynn, Jr., Esq.
> Guynn Waddell, P.C.
> 415 S. College Avenue
> Salem, Virginia  24153
> Phone: 540-387-2320
> Fax:    540-389-2350
> Email: jimg@guynnwaddell.com
> *Attorney for City of Lynchburg, Chief Ryan Zuidema, Officer S.F. Gifford and Officer M. Pupillo*